UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HOME DESIGN SERVICES, INC.,

      Plaintiff,

v.                                       CASE NO.: 3:08cv257 LAC/MD

JEFFREY EBER, GERALDINE EBER,
CREATIVE DESIGN ASSOCIATES, INC.,
JOHN H. ELAMAD, CONCEPT BUILDING
COMPANY OF DESTIN, INC., AND
DANNY RENN,

      Defendants.

_____/

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DANNY RENN AND CONCEPT BUILDING COMPANY OF DESTIN, INC., AND MEMORANDUM IN SUPPORT

Plaintiff, Home Design Services, Inc., in accordance with Rule 56 of the Federal Rules of Civil Procedure, hereby moves for summary judgment in this matter and in support states:

### INTRODUCTION

This is a federal copyright action in which Home Design Services, Inc. ("Home Design") alleges that it is the creator and owner of an original architectural work known as the HDS-1865. Plaintiff alleges that Defendant Danny Renn infringed upon the Plaintiff's copyrighted work by acting as the contractor for the construction of one residence, which was copied from Home Design's copyrighted work. (First Amended Complaint, ¶ 15). As explained below, it is uncontroverted that Home Design is indeed the owner and creator of this plan, and has retained all rights to its copyright. As explained in more detail below, Mr. Renn took and copied Plaintiff's design to ultimately build a house based on the plan located at 855 N. Indigo Loop, Destin, Florida through his company Concept Building Company of Destin, Inc. As demonstrated in the attached affidavits, Mr. Renn was the sole person responsible for the activities of that company and he personally oversaw,

directed and profited from the infringing activities. The Defendants in this case have admitted to this copying.

## ARGUMENT

### *The Summary Judgment Standard*

The standards governing the entry of summary judgment are clearly set forth in this Circuit. "Summary Judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994), *cert. denied*, 115 S. Ct. 675 (1994); *see also Real Estate Fin. v. Resolution Trust Corp.*, 950 F.2d 1540, 1543 (11th Cir. 1992). The Supreme Court has held that this standard is met if the moving party demonstrates that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, "once a moving party has sufficiently supported its motion for summary judgment, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir. 1995), *quoting Chanel, Inc. v. Italian Activewear, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991). "The non-moving party cannot rely solely on its pleadings, Fed. R. Civ. P. 56(e), it 'must do more than simply show there is some metaphysical doubt as to the material facts.'" *Irby*, 44 F.3d at 953, *quoting Matsushita Elec. Industry Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(emphasis omitted). "This effectuates the purpose of summary judgment which 'is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Resolution Trust Corp. v. Dunmar Corp*, 43 F.3d 587, 592 (11th Cir. 1995), *quoting Wouters v. Martin County*, 9 F.3d 924,

928 (11th Cir. 1993).  Accordingly, "summary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celetex Corp.*, 477 U.S. at 327, *quoting* Fed. R. Civ. P. 1).  According to the Supreme Court, "[i]n our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  477 U.S. at 322.

### PLAINTIFF'S PRIMA FACIE CASE

To prevail on its claim, Plaintiff must show two elements: "(1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service*, 499 U.S. 340, 361 (1991).  Certificates of registration constitute *prima facie* evidence of ownership of a valid copyright.  *Arthur Rutenberg Homes, Inc. v. Maloney,* 891 F.Supp. 1560, 1566 (M.D. Fla. 1995), *citing* 17 U.S.C. § 410(c).

*1.*     ***The Plaintiff Is Entitled to Summary Judgment That it Is the Owner of a Valid Copyright of the HDS-1865.***

To succeed on a copyright infringement claim, a plaintiff must establish two elements: "(1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service*, 499 U.S. 340, 361 (1991). Certificates of registration constitute *prima facie* evidence of ownership of a valid copyright. *Arthur Rotenberg Homes, Inc. v. Maloney*, 891 F.Supp. 1560, 1566 (11th Cir. 1995), *citing* 17 U.S.C. § 410(c). When such a certificate is attached to a complaint, the Defendant must specifically challenge the validity of the copyright or the element of ownership is conclusively established.  *F.E.L.*

3

*Publications, Ltd. v. National Conference of Catholic Bishops*, 466 F. Supp. 1034 (N.D. Illinois, 1978).

Home Design has produced the certificate of registration for the HDS-1865 and it is attached to Plaintiff's Complaint as composite Exhibit 2.  Home Design has also provided sworn testimony that it is the owner and the creator of the HDS-1865 and that it has obtained the proper registration for that plan.  *Ex. A, Affidavit of Jim Zirkel at ¶¶ 4-6.*  Defendants have offered no evidence to dispute Home Design's ownership of the plan.  As is evident from the affidavit attached hereto, the HDS-1865 was originally created by in or around 1991 and has always been owned by Home Design.  *Id. at ¶ 4.*  The evidence is uncontradicted that Home Design is the owner of the entire right, title and interest in and to the HDS-1865 and to the copyrights thereon and registrations thereof.  *Id. at ¶ 6.*  Both the certificates of registration and the uncontradicted testimony of Home Design are *independently* sufficient to establish ownership and Plaintiff is entitled to summary judgment on that element of its claims.

### Originality

To prove originality, the plaintiff is not required to demonstrate that the work is new or unique, it must only prove that its work is the result of independent creation, that is, not the result of copying another's work.[1]  *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 345 (1991); *The Prince Group, Inc. v. MTS Products,* 967 F. Supp. 121 (D.C.N.Y. 1999); *see also LaJoie*

---

[1]  17 U.S.C. §101(a) delineates what is protected in two components, "it states what is protected. Second, it specifies the material objects in which the architectural work may be embodied. The protected work is the design of a building. The term "design" includes the overall form as well as the arrangement and composition of spaces and elements in the design.  The phrase "arrangement and composition of spaces and elements" recognizes that: (1) creativity in architecture frequently takes the form of selection, coordination, or arrangement of unprotectible elements into an original protectible whole; (2) an architect may incorporate new, protectible design elements into otherwise standard, unprotectible building features". *Id.*

4

v. *Pavcon, Inc.*, 146 F. Supp. 2d. 1240 (11th Cir. 2000); *Kevin Harrington Ents., Inc. v. Bear Wolf, Inc.,* 1998 U.S. App. LEXIS 20597 (D.C. Cal. 1998)("A slight amount of creativity will suffice, and the vast majority of the works make the grade easily, as they possess some creative spark, no matter how crude, humble or obvious."). Defendants have offered no evidence to dispute the originality of the HDS-1865. Both the certificates of registration and the uncontradicted testimony of Home Design's President, Jim Zirkel, are *independently* sufficient to establish originality. There are no material disputed facts to contest this issue and summary judgment must be entered as a matter of law in Home Design's favor on the issue of originality.

*1.*      ***The Plaintiff Is Entitled to Summary Judgment On the Issue of Copying (Direct and Indirect).***

### The Facts of Access and Copying

In the fall of 1996, Jeffrey and Geraldine Eber took a copy of the HDS-1865 plan that had been published in a catalog and had construction drawings created based directly upon that plan. *See, Ex. B, Affidavit of Jeffrey Eber ¶¶ 2-3; Exhibit C, Affidavit of Geraldine Eber ¶¶ 2-5.* Concept Building Company of Destin, Inc and Danny Renn then directly copied these HDS-1865 plans to construct a home located at 855 N. Indigo Loop, Destin, Florida. *See, Ex. B, Affidavit of Jeffrey Eber ¶ 8; Exhibit C, Affidavit of Geraldine Eber ¶ 10.* Defendant Danny Renn acted through and on behalf of his owned corporation Concept Building Company of Destin, Inc. ("Concept Building") in copying the plans through the construction of the subject house. *See, Ex. B, ¶8.* As reflected in the affidavits attached to this Motion, the Defendants have admitted to this copying and provided testimony as to how that copying was accomplished.

5

**A.**   **In an Architectural Works Case, Copying May Be Proven by Direct or Indirect Evidence**

In copyright infringement cases, the element of "copying" can be proven by either direct or indirect evidence. *Donald Frederick Evans & Associates, Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 904 (11th Cir. 1986). Courts allow "copying" to be proven indirectly because direct evidence is often impossible to find as an infringer does not often leave behind the direct evidence of its crime. *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir.1982). A Plaintiff can prove copying indirectly by showing that the alleged infringer: 1) had access to the copyrighted work and, 2) that the alleged infringing work is "substantially similar" to the copyrighted one. *Id.* For purposes of this brief, this will be referred to as the Indirect Test for copying.

**B.**   **The Plaintiff is entitled to Summary Judgment that the Defendants Directly Copied the HDS-1865 plan.**

As explained above, the Defendants in this case have admitted that he directly copying the Plaintiff's plan. Accordingly, based on the factual summary listed above, Plaintiff should be awarded summary judgment on copying. There is direct proof of it.

Concerning the element of copying in an action for copyright infringement, if a Plaintiff proves copying through direct evidence, "that is the end of the case." *Accord M. Kramer Manufacturing Co., Inc., v. Andrews*, 783 F.2d 421, 445 (4th Cir. 1986)("If there was clear proof of actual copying by the defendants, that is the end of the case."). In other words, the finder of fact need not engage a test of substantial similarity in the fact of direct copying. *See, also Accord Ronald Frederick Evans v. Continental Homes, Inc.*, 785 F.2d 897, 904-05 (11th Cir. 1986)(court imposed liability based on direct evidence of infringement where defendant admitted copying floor plan brochure); *see also, John Wieland Homes and Neighborhoods, Inc.*, 2004 WL 2108675 *5

6

(W.D.N.C.)(granting summary judgment to a home design owner in light of direct evidence of copying by the defendants, while ruling that the evidence proffered by the defendants regarding dissimilarities would not be considered to create a issue of material fact in presence of evidence of direct copying); *Accord Kramer*, 783 F.2d at 445 (where there was direct evidence of copying, district court erred in finding "no infringement" based on dissimilarities between the copyrighted and infringing works).

Courts disregard proposed dissimilarities in house plans in the face of direct copying, since a plagiarist may not and should not be allowed to evade liability by pointing out the portions he did not copy. *See, Kramer,* 783 F.2d at 445; *Ronald Mayotte & Assocs. V. MGC Bldg. Co., 36 U.S.P.Q.2d 1793 (E.D. Mich.1995);* John Wieland Homes, 2004 WL 2108675 * 5. The law does not reward a thief or infringer that has cleverly disguised his copying or restrained his copying to only a portion of the protected design.

In this case, as summarized above, there is direct and uncontroverted proof of direct copying. Summary Judgment should be entered for Plaintiff on this element of its claim.

### C.   *When the Indirect Test for Copying Is Used, Substantial Similarity Is Determined by Comparing the Total Concept and Feel of Two Works to See If They Are Sufficiently Similar with the Objective Being to Inferentially Determine Whether Copying Occurred.*

In the Indirect Test the analysis of "substantial similarity" is an overall comparison of two works. The accused work is compared to the copyrighted work and, if "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work", the test for "substantial similarity" is met. *Original Appalachian,* 684 F.2d at 829. Courts have been very careful to point out that exact reproduction or near identity is not necessary and that, in this context,

the basic test for "substantial similarity" is one of similarity and *not* one of differences. *Atari, Inc. v. North Am. Philips Consumer Elec. Corp.*, 672 F.2d 607, 618 (7th Cir.), *cert. denied,* 1568 459 U.S. 880, 103 S.C. 176, 74 L.Ed.2d 145 (1982); See also *Comptone Co. v. Rayex Corp.*, 251 F.2d 487, 488 (2d Cir. 1958). As Judge Learned Hand put it, there is substantial similarity where "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960). In this general determination as to whether copying has occurred, it is the presence of similarities which determines whether infringement exists and the differences between works are not to negate infringement unless they so outweigh the similarities that the similarities can only be deemed inconsequential within the total context of the copyrighted work. *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1567-68 (M.D. Fla. 1995); *LaJoie v. Pavcon, Inc.,* 146 F.Supp. 2d 1240, 1247 (M.D. Fla 2000)*; CSM Investors, Inc. v. Everest Dev., Ltd.*, 840 F.Supp. 1304, 1312 (D.Minn.1994). The "substantial similarity" analysis "does not turn on isolated similarities or dissimilarities in the two works, but rather on the "total concept and feel" of the works as they would be perceived by an audience of reasonable laypersons. *Sid & Marty Krofft Television Productions, Inc. v. McDonalds Corp.*, 562 F.2d 1157, 1166-1177 (9th Cir. 1977); *Buc International Corporation v. International Yacht Council Limited*, 489 F.3d 1129, 1146 (11th Cir. 2007). In other words, the substantial similarity test is a test to determine whether two works are, when looked at in their totality, similar in look and feel.

> **D.** **The Plaintiff is entitled to Summary Judgment that the Defendants had Access to the HDS-1865.**

In a copyright infringement action, copying may be proven circumstantially by demonstrating

that the Defendants had access to the copywritten work and that they works are substantially similar. *Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc.*, 785 F.2d 897 (11th Cir.1986). In this case, the element of access is undisputable. The Defendants admit that the house built was directly copied from the HDS-1865 plans. *See, supra.* There is no doubt that there is undisputed evidence of access in this case and the Plaintiff should be granted summary judgment on the same.

> E.    ***Summary judgment should be granted on the issue of Substantial Similarity.***

As noted above, summary judgment should be granted on the basis of direct copying alone. However, summary judgment is also appropriate using the indirect test meant to prove copying circumstantially. When using the indirect proof test of substantial similarity to establish copying, the "copying" must be such that the copier "succeeded to a meaningful degree". *Leigh,* 212 F.3d at 1214. This Circuit has indicated that concept of "substantial similarity" is important to determine "specifically that the allegedly infringing work is substantially similar to the plaintiff's work *with regard to its protected elements." Id.* In other words, it is to be used to establish whether that which was copied from the copyrighted work was an important part of the protected expression. As a consequence of this focus, a trial court must be careful to disregard nuances that apply to the substantial similarity test that is used to determine whether there was copying that are not relevant to a determination of whether copying succeeded to a meaningful degree.

In this case, the plans at issue are identical except for a small change in square footage. *See, Ex. A, Affidavit of Jim Zirkel ¶ 9 and Exhibits 1 and 2 to that Affidavit*(stating that the plans have been compared to be substantially similar to each other)(Exhibits 1 and 2 to that affidavit are copies of the actual plan demonstrating the almost identical nature of the plans). The plans themselves

demonstrate substantial similarity and summary judgment is appropriate on that issue and the issue copying in this case. Courts have repeatedly held that summary judgment is granted on the issue of similarity in those cases where no reasonable jury, properly instructed, could find that the two works are not substantially similar. *See, Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1247 (11th Cir. 1999). This is such a case.

To find other than substantial similarity between the plans, the fact-finder would have to abandon the "ordinary observer test" that asks "whether an average lay observer would overlook any dissimilarities between the works and would conclude that one was copied from the other." *Nihon Keizai Shimbum, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65, 70 (2d Cir. 1999). In applying the ordinary observer test, "[g]ood eyes and common sense may be as useful as deep study of reported and unreported cases, which themselves are tied to highly particularized facts." *Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc.*, 490 F.2d 1092, 1093 (2d Cir. 1974). The fact finder must look at the work as a whole without dissection. *Tienshan, Inc. v. C.C.A. Int'l (N.J.) Inc.*, 895 F.Supp. 651, 658 (S.D.N.Y. 1995). This entails judging the "total concept and feel" of the plan, and a fact finder must avoid taking a divide and conquer approach in assessing elements of the work. *See, Shine v. Childs*, 382 F.Supp.2d 602, 612 (S.D.N.Y. 2005).

The only way a fact-finder could discount the overall similarity (and identical nature of the plans) would be to disregard the plans as a whole and focus solely on the minor change in square footage. On that factual basis explained above, the issue of substantial similarity and copying should be awarded on summary judgment in favor of the Plaintiff.

10

2.     *The Plaintiff Is Entitled to Summary Judgment On the Issue of Damages.*

Damages available in a copyright infringement case are governed by 17 U.S.C. § 504(b),

which states:

> The copyright owner is entitled to recover the actual damages suffered by him or her
> as a result of the infringement, and any profits of the infringer that are attributable to
> the infringement and are not taken into account in computing the actual damages.  In
> establishing the infringer's profits, the copyright owner is required to present proof
> only of the infringer's gross revenue, and the infringer is required to prove his or her
> deductible expenses and the elements of profit attributable to factors other than the
> copyrighted work.

Thus, the plaintiff has the burden of proof on damages regarding only (1) its actual damages

and (2) the defendant's gross revenue. *Data General Corp. v. Grumman Systems Support Corp.*, 36

F.3d 1147, 1171-73 (1st Cir. 2003).

### A.     *Plaintiff's Actual Damages*

Plaintiff's actual damages are 495.00 for lost licensing fees. *Ex. A., (Affidavit of Jim Zirkel,*

*¶ 10.)* There is no contradictory evidence as to this figure and, as such, Home Design has met its

burden under 17 U.S.C. § 504.

### B.     *Profits of the Infringer*

In cases of architectural infringement, all of the profits derived by constructing the infringed

work are profits allocable to the infringement and damages. *Arthur Rutenberg Corp. v. Dawney*, 647

F.Supp 1214 (M.D. Fla. 1986); *Robert R. Jones Associates, Inc. v. Nino Homes*, 686 F. Supp 160

(E.D. Mich.1987); *Johnson v. Jones*, 921 F.Supp 1573 (E.D. Mich. 1996); *Van Brouk & Assocs., Inc.*

*v. Darmik, Inc.*, 329 F. Supp. 2d 924, 937 (E.D. Mi. 2004), *quoting Nelson-Salabes, Incorporated*

*v. Morningside Development, L.L.C.*, 284 F. 3d 505, 511-12 n. 9 (4th Cir. 2002).

The plaintiff has the burden to prove only the gross revenue of the infringer for the act or acts

11

of infringement. 17 U.S.C §504(b). Plaintiff meets its burden of proof and establishes a prima facia case when it establishes the number of infringing items and their initial retail price. *In Design v. K-Mart Apparel Corp.*, 13 F.3d 559, 564 (2nd Cir. 1994). In the present case, it is undisputed that the Defendants Danny Renn and Concept Building Companyof Destin, Inc. received $203,000 as revenues in their actions in infringing upon the Plaintiff's copyrighted home design through the construction of a house. *See, Ex. B, Jeffrey Eber Aff., ¶8; Ex. C., Geraldine Eber Aff. ¶10.*

### C. *Deductible Expenses*

The defendant bears the burden to adequately prove all deductible expenses in an infringement action and any doubts resulting from an infringer's failure to present adequate proof of its costs are resolved in favor of the copyright holder. *In Design v. K-Mart Apparel Corp.*, 13 F.3d 559, 564 (2nd Cir. 1994); *Business Trends Analysts, Inc. v. Freedonia Group, Inc.*, 700 F.Supp 1213, 1240 (S.D.N.Y. 1988). An infringer must render a true and complete accounting of the claimed costs using adequate documentary records. *Business Trends Analysts, Inc. v. Freedonia Group, Inc.*, 700 F.Supp 1213, 1240 (S.D.N.Y. 1988), *citing, Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174-75 (9th Cir. 1977) *and Shapiro, Bernstein & Co. v. Remington Records, Inc.*, 265 F.2d 263, 272-73 (2d Cir. 1959). Such proof of expenses must be adequate to determine whether they are legitimate. *Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc.*, 609 F.Supp. 1307, 1322 (E.D. Penn. 1985).

If deductions are not adequately proven in an architectural infringement case, the gross revenue figure is left to stand as the profit factor. *Russell v. Price*, 612 F.2d 1123,113031 (9th Cir. 1979), *cert denied*, 446 U.S. 952, 100 S.Ct. 2919, 64 L. Ed.2d 809 (1980*); Arthur Rutenberg Corp. v. Dawney*, 647 F.Supp 1214, 1215 (M.D. Fla. 1986). A court may not accept testimony as to profit

margin to reduce gross revenue in an infringement action. *Johnson v. Jones*, 149 F. 3d 494, 506 (6th Cir. 1998). The Defendant in the present action has failed to submit any records or testimony demonstrating deductible expenses. Any relevant documents were requested in discovery and no such documentation was received from either of the Defendants against who summary judgment is sought. Therefore, those defendants have no deductible expenses in this case. Defendant is therefore liable for copyright infringement and damages for profits should be set at the full amount attested to as revenues, $203,000.

3.      *Judgment Should Be Entered Against Danny Renn and Concept Building Company of Destin, Inc., Jointly and Severally.*

Danny Renn is individually liable for all revenues derived through his company Concept Building. The attached affidavits indicate that he was owner of that company at the time he used the Plaintiff's copyrighted work and received $203,000 for its unlawful use. *Ex. B, ¶8; Ex. C., ¶10.* The affidavits establish that Mr. Renn personally directed construction of the infringing house and was the only person who stood to benefit from it. *Id.* No other person stood to profit from the infringing conduct of Concept Building, other than Mr. Renn who controlled the infringing activities of his company.

Once a plaintiff can make out a cause of action for direct infringement, a plaintiff may also hold liable any party who engaged in either *vicarious* or *contributory* infringement. *See* In re Aimster Copyright Litig., 334 F.3d 643, 646 (7th Cir. 2003). Vicarious liability is imposed where a defendant has 1) the right and ability to supervise the infringing activity, and 2) a direct financial interest in such activities. Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2nd Cir. 1971). Thus, in order to be held vicariously liable, an individual must

merely *possess* the right to supervise infringing activity.  A plaintiff is under no obligation to prove that any affirmative act of supervision ever actually took place.  In order to prove that Defendants are liable for contributory infringement, Plaintiffs must demonstrate that Defendants (1) had knowledge of infringing activity and (2) induced, caused, or materially contributed to the infringing conduct of another.  Gershwin Publishing Corp. v Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971).  Constructive knowledge is sufficient to satisfy the first part of the test.  Thus, a plaintiff need only prove that the contributory infringer knew or had reason to know of direct infringement.  A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1020 (9th Cir. 2001).

Here, the record is clear and uncontradicted that Mr. Renn was the only person standing to profit from the revenues referenced above and he acted to oversee the construction of the house.  The uncontradicted testimony of multiple witnesses establishes that, as owner, he reaped all benefits.  Plaintiff is, as a result, entitled to a full award of profits and actual damages against Mr. Renn and his company.  Both Defendants are jointly and severally liable for the same.

"The test for finding a corporate officer ***jointly and severally*** liable with his corporation for copyright infringement is whether the office "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities."  *Chi-Boy Music v. Towne Tavern, Inc.*, 779 F.Supp. 527, 530 (N.D. Ala. 1991).  Where the record demonstrates the active involvement of a corporate officer and ownership of a corporation that has committed copyright infringement, that corporate officer is jointly and severally liable as a matter of law.  *See, id.* at 530-31.  *See also, Microsoft Corporation v. Silver Star Micro Inc.*, 2008 WLO 115006 *8 (N.D.Ga. 2008)(wherein while awarding damages against both the entity and the officer, the court stated, "A corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity

14

is personally liable for such infringement without piercing the corporate veil"); *See also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930-31 (2005).* Under the Copyright Act, there is no doubt that an individual who is the dominant influence in a corporation, and through his position can control the acts of that corporation, may be held ***jointly and severally*** liable with the corporate entity for copyright infringement damages. *Joelsongs v. Shelley Broadcasting Company, Inc., 91 F.Supp.2d 1080, 1084 (M.D. Ala. 2007).*

The only evidence before the court is that Mr. Renn acted as a "one man show," essentially using the corporation as his alter ego. All relevant evidence submitted indicate that he was acting to control, supervise and profit from the infringing conduct. As owner, he reaped all benefits. Plaintiff is, as a result, entitled to a full award of profits and actual damages against Mr.Renn and his company Concept Building. Both Defendants are jointly and severally liable for the same.

<u>CONCLUSION</u>

Based on the foregoing, Plaintiff respectfully requests that judgment be entered in its favor for a finding of joint and several liability against Defendants Concept Building Company of Destin, Inc, and Danny Renn and for damages in the total amount of $203,565.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 28, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System and regular mail to Danny Renn, 1109 Post Oak Path, Fort Walton Beach, FL 32547; and Danny Renn as Registered Agent for Concept Building Company of Destin, Inc., 1109 Post Oak Path, Ft. Walton, FL 32547.

Respectfully Submitted,

/s/ Kirt R. Posthuma, Esq.
Jon D. Parrish, Esq.
Florida Bar No. 984329
Kirt R. Posthuma, Esq.
Florida Bar No. 0036372
Parrish, Lawhon & Yarnell, P.A.
3431 Pine Ridge Road, Suite 101
Naples, Florida 34109
Ph 239/566-2013; Fax 239/566-9561
jonparrish@napleslaw.us
kirtposthuma@napleslaw.us

16