IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HOME DESIGN SERVICES, INC.,
    Plaintiff,
vs.                                             Case: 3:08cv257/LAC/MD

JEFFREY EBER, et al.,
    Defendants.
_____ /

## **ORDER**

    Plaintiff has filed a motion for summary judgment on the issues of both liability and damages against defendants Danny Renn and Concept Building Company of Destin, Inc., ("Concept Building") (doc. 89), both of whom are appearing pro se.  Defendant Renn responded, in a single page document in which he states as follows: "I Danny Renn, dispute the plaintiffs (sic) allegations and facts put forth in the motion.  I request that a trial be set to resolve this matter."  (Doc. 93).  Because a motion for summary judgment is potentially a case-dispositive motion, the pro se defendant Renn, along with Concept Building, will be given another opportunity to respond, along with guidance in so doing.

    Defendants are advised that in preparing their response to the motion for summary judgment, they should file and serve affidavits and any other documents or materials required by Fed. R. Civ. P. 56 and Local Rule 56.1(A).  Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

    Defendants are cautioned that they must dispute or contradict plaintiff's arguments with evidence of a substantial nature as distinguished from legal conclusions.  Defendants cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can they

simply rely upon the pleadings. A general denial unaccompanied by any evidentiary support will not suffice. *See, e.g.*, *Courson v. McMillian*, 939 F.2d 1479 (11th Cir. 1991); *Hutton v. Strickland*, 919 F.2d 1531 (11th Cir. 1991).

Evidentiary material which is acceptable in opposition to a motion for summary judgment includes sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e). If affidavits of witnesses are unavailable, defendants should so indicate by affidavit and seek an extension of time to obtain other affidavits. Fed. R. Civ. P. 56(f). If defendants are unable to present, by affidavit or other evidence, facts essential to justify his opposition to plaintiff's motion, then defendants must file a sworn statement as to why he is unable to do so. *Id.*

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (defendants), but unreasonable and speculative inferences will not be drawn from the materials. *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975). Evidence filed by plaintiff in support of the motion for summary judgment may be accepted as true by the court if defendants do not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56. *Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987).

Defendants are cautioned that only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on such a motion. **A motion for summary judgment will result in a final judgment without a full trial or any further proceeding, if the pleadings, sworn affidavits, and other appropriate evidentiary materials properly filed in the record show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law**. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202, 212 (1986).

In addition to other papers or matters permitted by the federal procedural rules, defendants must file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth in Rule 56.1(A) of the Local Rules of the Northern District of Florida. All material facts set forth in the statement of material facts filed by plaintiff will be deemed to be admitted by defendants unless controverted by defendants' statement of material facts. See N.D. Fla. Loc. R. 56.1(A).

Accordingly, it is **ORDERED**:

1. Defendants shall file their amended response to plaintiff's motion for summary judgment within **TWENTY-ONE (21) DAYS** of the date of docketing of this order, as set forth herein.

2. Failure to comply with this order may result in a recommendation that plaintiff's motion be granted and that final judgment be entered in favor of plaintiff. See N.D. Fla. R. 7.1(C)(1).

**DONE AND ORDERED** this 18th day of March, 2009.

/s/ *Miles Davis*
   **MILES DAVIS**
   **UNITED STATES MAGISTRATE JUDGE**