IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HOME DESIGN SERVICES, INC.,
    Plaintiff,
vs.                                                       Case: 3:08cv257/LAC/MD

JEFFREY EBER, et al.,
    Defendants.
_____ /

## ORDER

Before the court are plaintiff's motion for summary judgment on the issues of both liability and damages against defendants Danny Renn and Concept Building Company of Destin, Inc., ("Concept Building") (Doc. 89), Danny Renn's response (doc. 93), and response and cross motion for summary judgment, (doc. 100), as well as Renn's "additonal (sic) response to motion for summary judgement by plaintiff," (doc. 104), and plaintiff's response in opposition to defendant's motion. (Doc. 105).

This case involves a single claim for copyright infringement by Home Design Service, Inc. ("Home Design") against defendants Jeffrey Eber, Geradline Eber, Creative Design Associates, Inc., John H. Elamad, Concept Building Company of Destin, Inc. ("Concept Building"), and Danny Renn. Plaintiff settled its claims against all defendants except Renn and Concept Building. (Doc. 56, 82, 85).

Home Design alleges that Renn and Concept Building infringed upon its copyrighted work by acting as the contractor for the construction of a residence which was "copied"from its copyrighted work. It seeks, among other damages, actual damages of $495.00 in lost licensing fees, which would have been the cost to purchase the infringing plans. (Doc. 89, exh. A at 2). Plaintiff seeks to hold Danny Renn and Concept Building jointly and severally for these damages. Although not dispositive of the issue of liability for copyright

infringement, plaintiff's own evidence establishes that Renn had no role in the preparation of the allegedly infringing plans. (Doc. 89, exh. B & C). Furthermore, Renn testified at his deposition that he had never purchased a plan license from any designer, but that homeowners, designers or architects would bring him plans and he would submit a proposal for construction. (Doc. 100, exh. W at 16). More importantly, as noted above, plaintiff has settled its case against the four remaining defendants. Of concern to the court is the propriety of holding defendants Renn and Concept Building liable for the identified "actual damages," but particularly when this amount that may have already been incorporated into the plaintiff's settlement with the other defendants.

Accordingly, it is ORDERED:

Within twenty (20) days from the date of this order, plaintiff shall submit a supplemental memorandum on the issue of the liability of defendants Renn and Concept Building for the requested actual damages of $495.00. The plaintiff shall also disclose the terms of the settlement with the other defendants, under seal if appropriate, and address the effect this settlement has, if any, on the liability of Renn and Concept Building.

DONE AND ORDERED this 22nd day of June, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**