IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HOME DESIGN SERVICES, INC.,
    Plaintiff,
vs.                                               Case: 3:08cv257/LAC/MD

JEFFREY EBER, et al.,
    Defendants.
_____ /

# REPORT AND RECOMMENDATION

Plaintiff has filed a motion for summary judgment on the issues of both liability and damages against defendants Danny Renn and Concept Building Company of Destin, Inc., ("Concept Building") (Doc. 89). Defendant Danny Renn responded on March 4, 2009, (doc. 93). On March 18, 2009 the court entered an order directing the defendant to file an amended response to the motion for summary judgment. In that order the court explained the standards governing the court's consideration of a motion for summary judgment and that it is potentially a case-dispositive motion, and provided guidance for the defendants in their preparation of their response. Defendants were advised that failure to comply with the court's order could result in a recommendation that plaintiff's motion be granted and final judgment be entered for the plaintiff. (Doc. 96). Danny Renn filed a pro se response and cross motion for summary judgment, (doc. 100), as well as an "additonal (sic) response to motion for summary judgement by plaintiff." (Doc. 104). Plaintiff filed a response in opposition to defendant's motion (doc. 105), and in response to the court's order directing it to supplement, filed a Notice of Withdrawing its Request for Actual Damages against Danny Renn and Concept Building Company of Destin, Inc. (Doc. 110).

Factual Background

This case involves a single claim for copyright infringement by Home Design Service, Inc. ("Home Design") against defendants Jeffrey Eber, Geradline Eber, Creative Design Associates, Inc., John H. Elamad, Concept Building Company of Destin, Inc. ("Concept Building"), and Danny Renn.  A Notice of Settlement of the claims between Home Design and the Ebers, Creative Design Associates and John H. Elamad was filed on November 12, 2008, (doc. 56), and a stipulation of dismissal was filed with respect to these parties on December 30, 2008.  (Doc. 82, 85).  The instant summary judgment motion addresses the claims of Home Design against the remaining two defendants, Concept Building and Danny Renn.

Home Design alleges that it is the creator and owner of an original residential architectural work known as the HDS-1865, for which it secured a federal copyright.  (Doc. 1, exh. 1 & 2).  Plaintiff contends that Danny Renn infringed upon this copyrighted work by acting as the contractor for the construction of a residence which was copied from this work.  (Doc. 1, ¶ 15).  Specifically, Home Design contends that Renn took and copied plaintiff's design to build a house at 855 N. Indigo Loop, Destin, Florida through his company, Concept Building.  Plaintiff contends that Renn was the sole person responsible for the activities of the company, and that Renn personally directed and profited from the infringing activities, and that "the Defendants" in this case have admitted to this copying. (Doc. 89 at 1-2).

Appended to the plaintiff's motion for summary judgment is an affidavit executed by James Zirkel, President of Home Design.  (Doc. 89, exh. A).  Mr. Zirkel states that he personally created the HDS-1865 in 1991, and that Home Design has always held the entire right, title and interest to the plan, including copyrights and registration.  He states that he compared the HDS-1865 and the plans for the house located at 855 N. Indigo Loop, Destin and concluded that the design of the Eber House is an infringement.  Zirkel further attests that HDS publishes catalogs of plans that include the HDS-1865 throughout the United States, and that "at the time the defendants infringed upon the HDS-1865, the cost to purchase the plans from HDS was $495.00 for each plan."  (Doc. 89, exh. A at 2).

Plaintiff has also submitted affidavits from defendants mother and son Geraldine Eber and Jeffrey Eber. (Doc. 89 exh. B & C). Their affidavits reflect that in the fall of 1996, Mrs. Eber saw an advertisement for books of home plans owned by Home Design and ordered the books by phone. Subsequently, Geraldine Eber and Jeffrey Eber met with a designer, co-defendant John H. Elamad of co-defendant Creative Design Associates, Inc., for assistance in drafting construction documents for a home. Mr. Eber showed Mr. Elamad the picture of HDS-1865 and stated that he wanted something similar to that, but larger. The Ebers paid Mr. Elamad's company $2,500.00 for its services and then used the plans that were created to construct Jeffrey Eber's home at 855 N. Indigo Loop, Destin. Mr. Eber worked under Danny Renn to construct a house from the plans in question, and the Ebers state that they paid Concept Building $203,000 for subcontractors, products and supplies used in building the house. Mr. Renn directed construction at the house. (Doc. 89, exh. B & C).

Danny Renn has submitted an affidavit in conjunction with his response and counter motion for summary judgment. He states that "the amount of $203,000 should be cost of labor and building materials paid for by Jeffery and Geraldine Eber." (Doc. 100, exh. Z). He further avers that neither he nor Concept Building "received any compensation or profit for the construction of the property." He also explains that payment to the subcontractors and suppliers was handled by the Ebers from an account that was not owned or operated by him or by Concept Building, and that therefore he cannot personally verify the amount of $203,000 quoted by the plaintiff in its motion. (Doc. 100, exh. Z).

Motion for Summary Judgment Standard

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986); see also *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996).

However, summary judgment is improper "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). An issue of fact is "material" if it might affect the outcome of the case under the governing law. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. See *id.*; see also *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986). If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary jugdment. *Miranda v. B&B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust Co. v. Fidelity and Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. See *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000); *Ramsey v. Leath*, 706 F.2d 1166, 1170 (11th Cir. 1983). On a summary judgment motion, the record and all reasonable inferences that can be drawn from it must be viewed in the light most favorable to the non-moving party. *Whatley v. CNA Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999). The court is not obliged to deny summary judgment for the moving party when the evidence favoring the nonmoving party is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511. And, it is improper for the district court to make credibility determinations, such as between contradictory affidavits, on a motion for summary judgment. *Miller v. Harget,* 458 F.3d 1251, 1256 (11th Cir. 2006); *Bischoff v. Osceola County,* 222 F.3d 874, 876 (11th Cir. 2000); *Harris v. Ostrout*, 65 F.3d 912, 916-17 (11th Cir. 1995); *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir. 1987).

This is because at the summary judgment stage, a court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial.  See *Anderson*, 477 U.S. 249.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.")

To succeed on a claim for copyright infringement, a plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of the constituent elements of that work that are original."  *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 S.Ct. 1282, 1296,113 L.Ed.2d 358 (1991); *Oravec v. Sunny Isles Luxury Ventures, L.L.C.,* 527 F.3d 1218, 1223 (11th Cir. 2008); *Bateman v. Mnemonics, Inc.,* 79 F.3d 1532, 1541 (11th Cir. 1996); *Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc.,* 785 F.2d 897, 903 (11th Cir. 1986).  In making its argument with respect to the alleged infringement, plaintiff lumps all the defendants together as "the defendants," although clearly the role of each defendant in the alleged infringement was distinct.  Relevant to the instant motions, case law has established that a claim of copyright infringement of an architectural work may properly be brought against a builder or contractor.  See *T-Peg, Inc. v. Vermont Timber Works, Inc.,* 459 F.3d 97 (1st Cir. 2006) (claim against contractor); *Lifetime Homes, Inc. v. Walker Homes, Inc.*, 485 F.Supp.2d 1314 (M.D. Fla. 2007) (claim against builder).  In his response to plaintiff's motion, Defendant Renn does not dispute that plaintiff Home Design owned a valid copyright.  Renn also does not appear to contest that the plans as prepared by John H. Elamad and Creative Design copied "constituent elements of [the copyrighted] work that are original,"  although he also argues that any copying was done long before he received the drawings. (Doc. 100 at 4).

Defendant's argument that the copying was done before he came into possession of the drawings is irrelevant to a determination of liability, as innocent infringement does not absolve a defendant of liability under the Copyright Act.  See e.g., *Chavez v. Arte Publico Press,* 204 F.3d 601, 607 (5th Cir. 2000); *D.C. Comics, Inc. v. Mini Gift Shop*, 912

F.2d 29 (2nd Cir. N.Y. 1990); *Thornton v. J Jargon Co.,* 580 F.Supp.2d 1261, 1275 n.6 (M.D. Fla. 2008); *Buck v. Jewell-La Salle Realty Co.,* 283 U.S. 191, 198, 51 S.Ct. 410, 411, 75 L.Ed. 971 (1931). The question of intent may become significant in a trial court's determination of statutory damages, however, as such damages provide an equitable remedy. *See Chavez,* 204 F.3d at 607; *Playboy Enterprises, Inc. v. Frena,* 839 F.Supp. 1552, 1559 (M.D. Fla. 1993). Statutory damages are not at issue at this juncture.

Under Title 17 U.S.C.A. § 504 a copyright owner is entitled to recover the actual damages suffered as a result of the infringement, as well as any profits of the infringer. 17 U.S.C.A. § 504(b). At any time before final judgment, the copyright owner may instead elect to recover statutory damages between $750 and $30,000. 17 U.S.C. § 504(c)(1). In the case of a willful infringement, the statutory damages may be increased to $150,000, and, if, on the other hand, an "infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." 17 U.S.C. § 504(c)(2).

Plaintiff in this case initially sought actual damages and profits, or in the alternative statutory damages. (Doc. 1 at 4). In the summary judgment motion, plaintiff addressed only the issues of actual damages and profits. With respect to its actual damages, plaintiff contends that it is entitled to $495.00 in lost licensing fees, which is the cost to purchase the infringing plans. (Doc. 89, exh. A at 2). Plaintiff sought these damages jointly and severally against Danny Renn and Concept Building along with the other defendants. Because the court was concerned about the propriety of awarding these damages against Renn and Concept Building after the plaintiff had settled with the other defendants, plaintiff was directed to submit a supplemental memorandum specifically addressing this issue. In lieu of the memorandum, plaintiff submitted a Notice of Withdrawing its Request for Actual Damages Against plaintiff Danny Renn and Concept Building. (doc. 110). The question of actual damages is therefore moot.

Plaintiff also maintains its entitlement to the profits of the infringer, and asserts that summary judgment is proper on this amount. See *Arthur Rutenberg Corp. v. Dawney,* 647 F.Supp. 1214 (M.D. Fla. 1986). In establishing the infringer's profits, the plaintiff, as owner of the copyright, need only present proof of the infringer's gross revenue, and the infringer must then prove deductible expenses and elements of profit attributable to factors other than the copyrighted work. 17 U.S.C. § 504(b). Plaintiff cites the affidavits of Geraldine Eber and Jeffrey Eber, which state that "Concept Building Company of Destin, Inc., was paid $203,000.000 for subcontractors, products, and supplies used in constructing the house located at that address" as proving the amount of revenue received by Concept Building to be $203,000. (Doc. 89, Exh. B and C). Plaintiff further contends that Renn failed to submit any records or testimony during discovery that would demonstrate his "deductible expenses," and thus that having failed to show any deductions, the gross revenue figure of $203,000 must stand as the profit figure. See *Arthur Rutenberg Corp. v. Dawney,* 647 F.Supp. 1214, 1215 (M.D. Fla. 1986) (citing *Russell v. Price*, 612 F.2d 1123, 1130-1131 (9th Cir. 1979)). Defendant Renn stated in his affidavit, however, that neither he nor his corporation obtained any profit or compensation from the construction of the Eber home. (Doc. 100, exh. Z). He explains that:

> The amount of $203,000 should be cost of labor and building materials paid for by Jeffery and Geraldine Eber. . . . Payment to subcontractors and suppliers was profit for the construction of the property. Payment to subcontractors and suppliers was handled by Jeffery and Geraldine Eber in an account other than any owned or operated by Danny Renn or Concept Building Company of Destin Inc. The amount of $203,000 cannot be verified by Danny Renn and was taken from the Motion for Summary Judgment filed against Danny Renn and Concept Building Company of Destin Inc.

(Doc. 100, exh. Z). The question of whether Renn or Concept Building received any profit from the contruction of Eber's home is a factual/credibility question that is not properly resolved at this juncture and is precisely the kind of genuine issue of material fact that precludes summary judgment. Therefore, because plaintiff has not proven its entitlement to summary judgment with respect to "profits" against either Renn or Concept Building Company of Destin, Inc., its motion must be denied.

Defendant Renn has cross-moved for summary judgment, contending that plaintiff "fails totally to show any evidence of copying directly or even indirectly by these Defendants [Renn and Concept Building]." (Doc. 100 at 4). It is true that the record does not reflect that Renn knew or should have known the origin of the plans, which were marked only with the logo of Creative Design Associates. (See doc. 100, exh. 2). However, as noted above, defendant's knowledge is not dispositive of the issue of liability, and plaintiff may be entitled to statutory damages even from an "innocent" infringer. Thus, Renn's motion is also due to be denied.

Accordingly, it is respectfully RECOMMENDED:

Plaintiff's motion for summary judgment (doc. 89) be DENIED.

Defendant Renn's motion for summary judgment (doc. 100) be DENIED.

At Pensacola, Florida, this 10th day of July, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).